UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN B. LONG<br>Transactional Records Access Clearinghouse<br>Syracuse University<br>360 Newhouse II<br>Syracuse, NY 13244,<br><br>and<br><br>DAVID BURNHAM<br>Transactional Records Access Clearinghouse<br>1100 G Street N.W., Suite 500<br>Washington, DC 20005,<br><br>                      Plaintiffs,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY<br>Washington, DC 20505,<br><br>                      Defendant. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, Susan B. Long and David Burnham, bring this action for declaratory and injunctive relief, alleging as follows:

**NATURE OF ACTION**

1. This is an action for violation of plaintiffs' rights under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended by the Freedom of Information Reform Act of 1986 ("FIRA") and the Openness Promotes Effectiveness in our National Government Act of 2007 ("OPEN Government Act"), against defendant Central Intelligence Agency ("CIA").

2. Defendant CIA has improperly withheld from disclosure agency records requested by plaintiffs under the FOIA.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and 5 U.S.C. § 552(a)(4)(B).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

5. Plaintiff Susan B. Long is an Associate Professor of Managerial Statistics at the Martin J. Whitman School of Management at Syracuse University. Professor Long serves as Co-Director of the Transactional Records Access Clearinghouse ("TRAC"), a Syracuse University data gathering, data research, and data distribution organization. TRAC was established in 1989 as a university center and has several offices including those on Syracuse University's main campus and in Washington, D.C. The purpose of TRAC is to provide the American people and institutions of oversight, such as Congress, news organizations, public interest groups, businesses, scholars, and lawyers, with comprehensive information about the staffing, spending, and enforcement activities of the federal government.

6. Plaintiff David Burnham is Co-Director of TRAC, a long-time journalist, and an Associate Research Professor at the S.I. Newhouse School of Public Communications at Syracuse University.

7. Defendant CIA is a component of the executive branch of the United States Government. Defendant CIA is an "agency" within the meaning of 5 U.S.C. § 552(f).

**BACKGROUND**

8. Plaintiffs have undertaken a research project to assess federal agency compliance with the processing requirements under FOIA. The ultimate goal of plaintiffs' research is to receive, validate, and make accessible on the website foiaproject.org case-by-case data and statistics, regularly updated, on the current backlog, processing and wait times for responses to FOIA requests by the largest federal agencies. Because plaintiffs' requests for this data are standardized, the agencies' responses can be compared and evaluated. An initial report, based upon the responses received by many agencies, is available at http://foiaproject.org/2015/04/24/agencies-rated/. A further report, with an accompanying online interactive tool based upon the data received from agencies in response to these requests that allows users to view each responding agency's current backlog and response times, is available at: http://foiaproject.org/2015/08/24/new-tool-reveals-agencies-struggling-to-keep-up/. As additional agencies respond, their data is added to the tool. *See*, *e.g.*, http://foiaproject.org/2015/09/14/backlog-down-but-wait-times-up-for-dea-foia-requests/. Plaintiffs' FOIA requests to defendant CIA, which are at issue in this action, were submitted in furtherance of their research into agency compliance with the statutory requirements.

**Plaintiffs' FOIA Request Dated January 23, 2015 and
Defendant's Denial of Plaintiffs' Request**

9. By letter submitted to defendant CIA by facsimile on January 23, 2015, plaintiffs requested disclosure of agency records under the FOIA. Specifically, plaintiffs requested the following records:

> [A] case-by-case listing of all FOIA requests received by the [CIA] FOIA office from October 1, 2012 – December 31, 2014 with the following data fields:
>
> (a) Assigned request tracking number
> (b) Office (where multiple components)

3

    (c) Date of request
    (d) Date request was received
    (e) Track assigned (where used)
    (f) Date closed (where closure has occurred)

10.  In their letter to defendant CIA submitted on January 23, 2015, plaintiffs requested that, for purposes of fee assessment, they "be classified as a representative of the news media under the provisions of the Freedom of Information Act, and as representatives of an educational or noncommercial scientific institution, whose purpose includes scholarly, scientific research." Plaintiffs further requested that all applicable processing fees be waived.

11.  By letter to plaintiffs dated February 20, 2015, defendant CIA acknowledged receipt of plaintiffs' FOIA request and assigned it the reference number F-2015-00890.  Defendant CIA stated, *inter alia*:

> With respect to your request for a case-by-case listing of FOIA requests containing the specific criteria [specified in your request], our record systems are not configured in a way that would allow us to perform a search reasonably calculated to lead to responsive records without an unreasonable effort. . . . Therefore, we must decline to process your request.

12.  By letter to defendant CIA dated March 12, 2015, plaintiffs sought to resolve the impasse between plaintiffs and defendant CIA with respect to the processing of plaintiffs' FOIA request submitted on January 23, 2015.

13.  By letter to plaintiffs dated April 7, 2015, defendant CIA responded to plaintiffs' letter dated March 12, 2015.  Defendant CIA stated, *inter alia*, that "our 20 February response remains the same," that "we must decline to process your request," and that "[t]his is . . . a final response to your request."

14.  By letter to defendant CIA dated May 8, 2015, plaintiffs "appeal[ed] the refusal of the agency to process [their] request" submitted on January 23, 2015.

4

15. By letter to plaintiffs dated May 18, 2015, defendant CIA responded to plaintiffs' letter dated May 8, 2015.  Defendant CIA stated, *inter alia*, that "***Your initial request was denied for processing.  Therefore, we did not extend you administrative appeal rights and are declining to process an appeal for you.***" (emphasis and bold in original).

16. To date, defendant CIA has not disclosed the agency records requested by plaintiffs.

### Plaintiffs' FOIA Request Dated April 16, 2015 and Defendant's Denial of Plaintiffs' Request

17. By letter to defendant CIA dated April 16, 2015, plaintiffs requested disclosure of agency records under the FOIA.  Specifically, plaintiffs requested the following records:

> [A] case-by-case listing of all FOIA requests received by the [CIA] FOIA office from October 1, 2012 – March 31, 2015 with the following data fields:
>
> (g) Assigned request tracking number
> (h) Office (where multiple components)
> (i) Date of request
> (j) Date request was received
> (k) Track assigned (where used)
> (l) Date closed (where closure has occurred)

18. In their letter to defendant CIA dated April 16, 2015, plaintiffs requested that, for purposes of fee assessment, they "be classified as a representative of the news media under the provisions of the Freedom of Information Act, and as representatives of an educational or noncommercial scientific institution, whose purpose includes scholarly, scientific research."  Plaintiffs further requested that all applicable processing fees be waived.

19. By letter to plaintiffs dated April 24, 2015, defendant CIA acknowledged receipt of plaintiffs' FOIA request and assigned it the reference number F-2015-01477.  Defendant CIA stated, *inter alia*:

> This is a final response to your 16 April 2015 [FOIA] request. . . . Our records indicate that on 23 January 2015 you submitted a FOIA request on the same subject with a slightly different time frame (FOIA-00890).  On 7 April 2015, we

5

provided you with a response to your request . . . . Our response to this . . . request is the same as that provided to you in your F-2015-00890 request. Therefore, we are canceling this request.

20. By letter to defendant CIA dated May 20, 2015, plaintiffs appealed the agency's response to their FOIA dated April 16, 2015. Plaintiffs stated, *inter alia*, that "we incorporate by reference in this appeal all of the facts and arguments that were included" in plaintiffs' appeal of defendant CIA's handling of their FOIA request dated January 23, 2015.

21. By letter to plaintiffs dated June 9, 2015, defendant CIA responded to plaintiffs' letter dated May 8, 2015. Defendant CIA stated, *inter alia*, that "***Your initial request was denied for processing. Therefore, we did not extend you administrative appeal rights and are declining to process an appeal for you.***" (emphasis and bold in original).

22. To date, defendant CIA has not disclosed the agency records requested by plaintiffs.

### Plaintiffs' FOIA Request Dated June 24, 2015 and Defendant's Failure to Timely Respond

23. By letter to defendant CIA dated June 24, 2015, plaintiffs requested disclosure of agency records under the FOIA. Specifically, plaintiffs requested the following records:

> [R]ecords related to the system(s) currently used for managing and processing your FOIA office's workload. By system(s) we refer to the computer database management systems or other systems used to keep track of the receipt and disposition of individual FOIA requests received by your FOIA office [hereafter referred to as your "FOIA DBMS"]. These include the tracking and recording of any other request-by-request data needed for use in compiling your agency's annual FOIA report. More specifically, we request any and all records identifying or describing:
>
> 1) Your current FOIA DBMS. If particular commercial software product(s) are currently used for this purpose, also provide the products' name(s), version number(s), update(s) and edition(s) being used;
>
> 2) The approximate date on which your current FOIA DBMS was first used by the FOIA office for this purpose;

3) All contracts, service agreements, and internal-agency arrangements involving the development, maintenance, operation, use or administration of the FOIA DBMS;

4) The approximate number of FOIA requests received by your office on which information is presently kept in your current FOIA DBMS;

5) The same information in items (1)-(4) for the FOIA DBMS used by the office handling administrative appeals if the appeals office uses a different DBMS than the FOIA response office;

6) Other offices, agencies and departments -- internal or external to your own agency -- that share the same FOIA DBMS;

7) The nature and scope of activities for which the same DBMS is used in addition to FOIA and privacy;

8) The particular search, querying and reporting capabilities used in producing your annual FOIA report and accompanying XML file, including those involved in producing all intermediate output used in checking, validating and compiling information for this report as well as any intermediate stages;

9) All other search, querying, and reporting capabilities of your FOIA DBMS, including:

    a. Any items and fields of data relating to FOIA requests and appeals that can be searched, queried, or reported on;

    b. Any listings, analyses, and reports, including both regular and ad hoc, that have been produced over the last 18 months;

    c. Any data formats such as csv, Excel, Access, tab-delimited text, XML, fixed-column-width text, etc., that your FOIA DBMS can produce, output or export;

10) All written documentation about your FOIA DBMS, including:

    a. Data dictionaries, data schema, entity relational diagrams, listings of tables and fields, code descriptions;

    b. Data input forms, including on-line input forms, and associated instructional and help files;

    c. Search, query, and reporting tools, including on-line menus, and associated instructional and help files;

    d. Any instructions to staff (including outside contractors and service providers) or manuals used or prepared in the process of developing, working with or administering these system(s).

    e. Any training materials prepared or relied upon that describe how to use or administer these system(s).

24. In their letter to defendant CIA dated June 24, 2015, plaintiffs requested that, for purposes of fee assessment, they "be classified as a representative of the news media under the provisions of the Freedom of Information Act, and as representatives of an educational or noncommercial scientific institution, whose purpose includes scholarly, scientific research." Plaintiffs further requested that all applicable processing fees be waived.

25. By letter to plaintiffs dated July 13, 2015, defendant CIA acknowledged receipt of plaintiffs' FOIA request and assigned it the reference number F-2015-01997.

26. By letter to plaintiffs dated September 3, 2015, defendant CIA wrote to plaintiffs concerning their FOIA request dated June 24, 2015. Defendant CIA stated, *inter alia*, that "[w]ith regard to Item 1 as it pertains to our current FOIA DBMS, and Item 9(b), we cannot accept your FOIA request in their [sic] current form because it would require the Agency to perform an unreasonably burdensome search." Defendant CIA further stated: "[w]ith regard to the remainder of Item 1, and Items 4 and 7, . . . we must decline these portions of your request." Defendant CIA further stated that its processing of plaintiffs' FOIA request would continue, and that

    You have the right to consider our honest appraisal as a denial of your request and may appeal to the Agency Release Panel. A more practical approach would permit us to continue processing your request and respond to you as soon as we can. You will retain your appeal rights and, once you receive the results of our search, can appeal at that time if you wish.

27. To date, defendant CIA has not disclosed the agency records requested by plaintiffs.

## PLAINTIFFS' CLAIM FOR RELIEF

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Improper Withholding of Agency Records

28. Plaintiffs repeat and reallege paragraphs 1-27.

29. More than twenty (20) working days have passed since plaintiffs submitted to defendant CIA the FOIA requests at issue in this action.

30. Defendant CIA has wrongfully withheld agency records requested by plaintiffs.

31. Plaintiffs have exhausted the applicable administrative remedies with respect to Defendant CIA's wrongful withholding of the requested records.

32. Plaintiffs are entitled to injunctive relief with respect to the release and disclosure of the requested records.

### Requested Relief

**WHEREFORE**, plaintiffs pray that this Court:

A. order defendant CIA to disclose the requested records in their entirety and make copies available to plaintiff;

B. order defendant CIA to waive all fees associated with plaintiffs' FOIA requests at issue in this action

C. provide for expeditious proceedings in this action;

D. award plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

E. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
DAVID L. SOBEL
D.C. Bar No. 360418

5335 Wisconsin Avenue, N.W.
Suite 640
Washington, DC 20015
(202) 246-6180
sobel@att.net

Counsel for Plaintiffs