**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
                                )
SUSAN B. LONG, et al.,          )
                                )
        Plaintiffs,             )
                                )
        v.                      )   Civil Action No. 15-1734 (TSC)
                                )
CENTRAL INTELLIGENCE AGENCY,    )
                                )
        Defendant.              )
_____)
```

### DEFENDANT'S MOTION TO EXTEND THE STAY OF PROCEEDINGS

Defendant Central Intelligence Agency ("CIA"), through undersigned counsel, hereby moves for an extension of the stay of proceedings in this case, in order to gain the time needed to complete processing plaintiffs' Freedom of Information Act request. In support of this motion, defendant respectfully submits the attached memorandum in support of defendant's motion, with a supporting declaration, and a proposed Order. Plaintiffs have been consulted as required by LCvR 7(m) and have indicated that they will oppose this motion.

Respectfully submitted,

CHANNING PHILLIPS,
D.C. Bar # 415793
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN,
D.C. BAR # 924092
Chief, Civil Division

/s/ Marina Utgoff Braswell
MARINA UTGOFF BRASWELL
D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2561
marina.braswell@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
                                )
SUSAN B. LONG, <u>et al.</u>,        )
                                )
        Plaintiffs,             )
                                )
        v.                      )  Civil Action No. 15-1734 (TSC)
                                )
CENTRAL INTELLIGENCE AGENCY,    )
                                )
        Defendant.              )
_____)

<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND THE STAY
OF PROCEEDINGS</u>

<u>PRELIMINARY STATEMENT</u>

On October 4, 2016, this Court granted defendant Central Intelligence Agency ("CIA") a stay of proceedings in this case, brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to enable the CIA to complete processing plaintiffs' broad, multi-part FOIA request.  That stay expires today.  In a status report filed on February 3, 2017, based on information provided by the CIA, undersigned counsel informed this Court that the CIA believed that it would be able to meet the March 23, 2017 deadline.  On March 20, 2017, the CIA informed undersigned counsel that it would no longer be able to meet the March 23, 2017 deadline.  In order to explain to the Court this change in circumstances, counsel requested the CIA prepare an explanatory declaration.  The declaration was not

finalized and signed until today, which is why this motion was not filed sooner.

In support of this motion to extend the stay of proceedings, the CIA submits the sworn Third Supplemental Declaration of Antoinette B. Shiner ("3rd Shiner Decl." or "Third Shiner Declaration"), Information Review Officer for the Litigation Information Review Office at the CIA.  Ms. Shiner explains that the CIA needs an additional four months to complete processing the responsive records at issue.  See Third Shiner Declaration attached.

Based on the Third Shiner Declaration, the CIA submits that a stay until July 31, 2017, is warranted by the facts of this case.

## STATEMENT OF FACTS

The CIA incorporates by reference the Declaration of Antoinette B. Shiner dated March 23, 2016, see Docket No. 8, which explains in detail how FOIA requests to the CIA are processed.  As set forth in that declaration, and in subsequent status reports, the CIA has been actively working on processing plaintiff's requests.

In a status report filed on October 13, 2016, the CIA informed this Court that the agency had completed its search for potentially responsive information; that 117 contract documents had been reviewed; that out of approximately 1300 technical

2

documents, around 800 had been scanned into the system for processing; and that approximately 400 documents were waiting for classification review before they could be scanned into the system for processing.   See Docket No. 13.

In a status report dated February 3, 2017, the CIA informed the Court that it had completed its review of 118 documents, consisting of 1,654 pages; that two documents had been forwarded to other agencies for coordination on content; that subject matter experts ("SME"s) were in the process of reviewing 1,234 documents, consisting of approximately 24,000 pages; and that approximately 400 of these documents needed to be reviewed for classification purposes.   As of that date, the CIA believed that it would be able to meet the March 23, 2017 deadline.   See Docket No. 21.

The Third Shiner Declaration explains that:

> Although the CIA has worked diligently on this
> request, and believed it was on track to complete its
> production by the deadline at the time it filed its
> most recent Status Report, the Agency's recent efforts
> have been hampered by, among other things, the limited
> availability of the only SME qualified to conduct a
> review of the documents requested.  CIA's prior
> estimates presupposed the availability of additional
> SMEs, but once the potentially responsive documents
> became available for SME review, it was determined
> that only a single SME possessed the requisite
> knowledge needed to conduct the review. Furthermore,
> as explained in my prior declarations, the SME has
> other full-time responsibilities other than
> participating in the review of documents to be
> released under the FOIA.

3

> Furthermore, the CIA recently concluded that certain documents that we originally determined should be withheld-in-full may in fact contain segregable non-exempt information that may be releasable at least in part. However, as this information is highly technical in nature, it has necessitated an additional line-by-line review by the SME in concert with the CIA's FOIA experts to make a determination about the segregability of the information within these documents to determine what information, if any, can now be released to Plaintiffs.

> Finally, my office has experienced a busier than average caseload in recent months and did not accurately predict this increased workload when it provided its original review and production estimates in March 2016. Unforeseen competing deadlines have slowed the review process significantly since the filing of the last Status Report.

Third Shiner Decl., ¶¶ 7-9.

The CIA will be able to make an initial release of non-exempt responsive information on May 31, 2017.  Id. at ¶ 10. Ms. Shiner explains that:

> Although CIA previously stated periodic releases of responsive documents would not be possible because the entire set of documents needed to be reviewed before any are released to Plaintiffs, CIA believes a discrete set of responsive documents will be available for release by the end of May.

Id.

The CIA anticipates being able to make its final release on July 31, 2017.  Id. at ¶¶ 10-11.

### ARGUMENT

As this Court noted in its October 4, 2016 Order, under 5 U.S.C. § 552(a)(6)(C)(ii) the Court may "provide an extension of

4

time [for processing] where the agency shows 'exceptional circumstances' and that it is exercising due diligence in responding to the request."   Order at 3-4.  The Court concluded that, based on the previous Shiner Declaration, "[t]he stay is granted based on Defendant's demonstration of exceptional circumstances—the breadth and volume of the request and the need for CIA specialists to review the potentially responsive records—and the agency's demonstration of its due diligence."  Id. at 5.

The need for an extended stay of proceedings is supported by the Third Shiner Declaration.  The CIA now has only one SME who can review the responsive information, and that SME has other full-time responsibilities to perform.  3rd Shiner Decl., ¶ 7. Additionally, to plaintiffs' benefit, the CIA has concluded that certain information originally determined to be withheld in full can now be segregated and released in part.  Id. at ¶ 8.  The necessary line-by-line review is time-consuming and requires coordination between the SME and CIA's FOIA office.  Id. Finally, the CIA's FOIA office is operating under an increased workload, which has impacted its ability to meet the projected deadline.  Id. at ¶ 9.

As demonstrated in the CIA's prior motion to stay, there are circumstances where, if the agency is exercising due diligence in its efforts, a stay of proceedings is warranted to allow the agency the time needed to process the FOIA request.  Courts have

frequently issued orders extending the time to respond to FOIA requests. See e.g., National Security Archive v. SEC, 770 F. Supp.2d 6, 8-9 (D.D.C. 2011); Electronic Frontier Foundation v. Department of Justice, 517 F. Supp.2d 111, 120-121 (D.D.C. 2007); Piper v. United States Department of Justice, 339 F. Supp. 2d 13, 16 (D.D.C. 2004) (discussing a stay of two years given to the FBI); Appleton v. FDA, 254 F. Supp. 2d 6, 11 (D.D.C. 2003) (granting FDA's motion for stay pending completion of search and production of documents); Williams v. FBI, 2000 WL 1763680, at *3 (giving the FBI until May 2, 2001, to review records requested prior to August 21, 1998); Judicial Watch of Florida, Inc. v. U.S. Department of Justice, 102 F. Supp. 2d 6, 9 & n.1 (D.D.C. 2000) (discussing an order giving the FBI until June 8, 2000, to respond to a request dated July 15, 1997); Edmond v. United States Attorney, 959 F. Supp. 1, 4 (D.D.C. 1997) (giving the U.S. Attorney's Office until April 1, 1998 to respond to a request filed August 14, 1992); Rabin v.  U.S. Department of State, 980 F. Supp. 116, 123-24 (E.D.N.Y. 1997) (permitting Department of State over three years to process plaintiff's FOIA request); Jiminez v. FBI, 938 F. Supp. 21, 31 (D.D.C. 1996) (granting FBI's request for stay and permitting it over four years to respond to plaintiff's FOIA request); Ohaegbu v. FBI, 936 F. Supp. 7, 8-9 (D.D.C. 1996) (granting request for stay and permitting July 1997 response to FOIA request submitted in July 1995).

Because the CIA has demonstrated both exceptional circumstances and due diligence in handling plaintiffs' request, this Court should extend the stay of proceedings until July 31, 2017, to allow the CIA the time needed to complete its processing of plaintiffs' request.

## CONCLUSION

In view of the foregoing, defendant CIA respectfully requests that an Order be issued staying the pending proceeding until July 31, 2017.  The CIA suggests that it make an interim release of responsive information on May 31, 2017, and submit a status report on June 30, 2017, to inform the Court and plaintiffs of the progress of its processing efforts.

Respectfully submitted,

CHANNING PHILLIPS,
D.C. Bar # 415793
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN,
D.C. BAR # 924092
Chief, Civil Division

/s/ Marina Utgoff Braswell
MARINA UTGOFF BRASWELL
D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2561
marina.braswell@usdoj.gov

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
                                    )
SUSAN B. LONG, et al.,              )
                                    )
        Plaintiffs,                 )
                                    )
        v.                          )  Civil Action No. 15-1734 (TSC)
                                    )
CENTRAL INTELLIGENCE AGENCY,        )
                                    )
        Defendant.                  )
_____)

**ORDER**

UPON CONSIDERATION of defendant's motion for to extent the stay of proceedings, plaintiffs' opposition, and the entire record in this case, it is hereby

ORDERED that defendant's motion to extend the stay is granted; and it is further

ORDERED that this case is stayed until July 31, 2017; and it is further

ORDERED that defendant shall make an interim release of information on May 31, 2017, file status report on June 30, 2017, and make a final release of information on or before July 31, 2017.

_____
UNITED STATES DISTRICT JUDGE